# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5705 | **DATE** | 12/6/2000 |
| **CASE TITLE** | Malan Realty Investors, Inc. vs. Meridian Entertainment Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This Court orders that a default be entered against Meridian under Rule 55, while at the same time Malan's motion for a default judgment is denied. (7-1) Meridian is granted until December 18, 2000 to file in this Court's chambers a responsive pleading limited to the issue of damages, and it will then of course have the full opportunity to dispute the amount of damages for which it may be liable (see Rule 55(b)(2)).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 07 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 10 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 DEC -6 AM 11: 06 | 12/6/2000 date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALAN REALTY INVESTORS, INC., )
)
        Plaintiff, )
)
v. ) No. 00 C 5705
)
MERIDIAN ENTERTAINMENT GROUP, INC.,)
etc., et al., )
)
        Defendants. )

MEMORANDUM ORDER

Malan Realty Investors, Inc. ("Malan") has moved for a default judgment against Meridian Entertainment Group, Inc. ("Meridian"), one of two defendants in this action in which Malan seeks damages for a breach of lease. Meridian has filed a brief response, identifying what it describes as its inadvertent failure to have responded to Malan's Complaint.

But what is strikingly absent from Meridian's response is the slightest suggestion that it has a bona fide defense to <u>liability</u>, as contrasted with the question of what <u>damages</u> are recoverable by Malan under the lease at issue. As 10A Charles Wright, Arthur Miller & Mary Kay Kane, <u>Federal Practice & Procedure: Civil 3d</u> §2697, at 155-56 (3d ed.1998)(footnotes and numerous citations omitted) says as to the showing required under Fed. R. Civ. P. ("Rule")55(c) to vacate an order of default:

> Generally, a federal court will grant a motion under
> Rule 55(c) only after some showing is made that if
> relief is granted the outcome of the suit may be
> different than if the entry of default or the default
> judgment is allowed to stand; the showing should



underscore the potential injustice of allowing the case to be disposed of by default. In most cases, therefore, the court will require the party in default to demonstrate a meritorious defense to the action as a prerequisite to vacating the default entry or judgment.

And precisely the same consideration should govern the entry of a default (as contrasted with a default judgment) to begin with.

Accordingly this Court orders that a default be entered against Meridian under Rule 55, while at the same time Malan's motion for a default <u>judgment</u> is denied. Meridian is granted until December 18, 2000 to file in this Court's chambers a responsive pleading limited to the issue of damages, and it will then of course have the full opportunity to dispute the amount of damages for which it may be liable (see Rule 55(b)(2)).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 5, 2000